# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 2:23-cv-1940 |
| | : | |
| Plaintiff, | : | **JUDGE EDMUND A. SARGUS, JR.** |
| | : | **Magistrate Judge Elizabeth A. Preston** |
| v. | : | **Deavers** |
| | : | |
| **TWENTY THOUSAND AND 00/100** | : | |
| **DOLLARS ($20,000.00) IN UNITED** | : | |
| **STATES CURRENCY, et al.,** | : | |
| | : | |
| Defendants. | : | |

## SETTLEMENT AGREEMENT

WHEREAS, on or about January 4, 2023, the United States of America ("United States"), by and through its authorized agents, seized Twenty Thousand and 00/100 Dollars ($20,000.00) in United States Currency (Defendant 1) from Craig Montgomery's carry-on bag and Six Thousand and 00/100 Dollars ($6,000.00) in United States Currency (Defendant 2) from Craig Montgomery's wallet (hereinafter collectively "the defendant currency"), following a consensual encounter with him at the John Glenn Columbus International Airport;

WHEREAS, on June 15, 2023, the United States filed a verified Complaint for Forfeiture *In Rem* alleging that the defendant currency is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846 (Doc. 1);

WHEREAS, pursuant to the Warrant of Arrest *In Rem* (Doc. 3), the United States Marshals



EXHIBIT A

Service confirmed that the defendant currency is in the custody of the United States, bringing the defendant currency within the jurisdiction of the Court (Doc. 4);

WHEREAS, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States sent direct notice of this action and a copy of the Complaint to all known potential claimants — Craig Montgomery — by means reasonably calculated to reach the potential claimants (Doc. 5);

WHEREAS, notice of this forfeiture action was also posted on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, beginning on August 24, 2023, in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. 8);

WHEREAS, on September 25, 2023, Craig Montgomery, through his attorney, filed a Verified Claim asserting an ownership interest in the defendant currency.  (Doc. 6.)  On October 16, 2023, Craig Montgomery filed an Answer to the Complaint (Doc. 11); and

WHEREAS, there are no other persons or entities known to the Parties who may have an interest in the defendant currency.

THEREFORE, in the interest of fully resolving Craig Montgomery's claim in all aspects, and to avoid the expenses and risks of further litigation, the United States and Craig Montgomery (together "the Parties") HEREBY STIPULATE AND AGREE that:

1.  The defendant currency was lawfully seized by authorized law enforcement officers.

2.  The United States shall return a total of Six Thousand Five Hundred and 00/100 Dollars ($6,500.00) in United States Currency to Craig Montgomery which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action, whether

known or unknown, arising directly or indirectly from the seizure described in this Settlement Agreement.

3. Craig Montgomery hereby withdraws any right, title, interest, and/or claim that he may have to the remaining balance of the defendant currency, which is more specifically described as a total of Nineteen Thousand Five Hundred and 00/100 Dollars ($19,500.00) in United States Currency.

4. By signing this Settlement Agreement, Craig Montgomery also agrees to the entry of the Agreed Judgment and Decree of Forfeiture executed by the Parties in conjunction with this Settlement Agreement forfeiting the $19,500.00 in United States Currency to the United States in accordance with 21 U.S.C. § 881(a)(6).

5. The United States agrees that following entry of the Agreed Judgment and Decree of Forfeiture, the United States Marshals Service, as custodian of the property, will facilitate the release of the $6,500.00 in United States Currency to Craig Montgomery by and through his attorney of record, Brian Joslyn. Craig Montgomery agrees to complete all documents required by the United States to facilitate the release of the $6,500.00 in United States Currency.

6. Craig Montgomery understands that the $6,500.00 in United States Currency shall be returned to him via a payment through the United States Treasury. By signing this agreement, he acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Accordingly, Craig Montgomery acknowledges that the amount to be returned to him under this Settlement Agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect through TOP.

7. If any person or entity other than Craig Montgomery asserts an interest in any portion of the defendant currency and such claim necessitates any further administrative or judicial action regarding the property, Craig Montgomery agrees to cooperate fully with the United States in any such administrative or judicial proceeding.

8. Craig Montgomery agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, which he may have or later acquire against the United States and its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether for compensatory or exemplary damages.

9. Craig Montgomery agrees that he has not substantially prevailed, and the Parties agree that each shall bear their own costs and attorneys' fees. Craig Montgomery further agrees to waive any and all rights he may have to recover attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465, or any other legal or statutory basis.

10. For the purpose of construction, this Settlement Agreement shall be deemed to have been drafted by the Parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings to enforce the terms of this Settlement Agreement.

11. This Settlement Agreement constitutes the final, complete, and exclusive agreement and understanding between the United States and Craig Montgomery with respect to the settlement provided herein and supersedes all prior agreements and understandings, if any,

whether oral or written.

12. Unless specifically directed by an Order of the Court, Craig Montgomery shall be excused and relieved from further participation in this case.

13. The Parties agree that the United States District Court for the Southern District of Ohio, Eastern Division shall retain jurisdiction of this action to enforce this Settlement Agreement.

Date: 11-8-2023

*/s/ Craig Montgomery*
CRAIG MONTGOMERY
Claimant

I am Craig Montgomery's attorney in this civil forfeiture action. I have carefully reviewed this Settlement Agreement with him. He advises me that he understands and accepts the terms of this agreement and that his decision to enter into this agreement is an informed and voluntary one.

Date: 11/8/23

*/s/ Brian D. Joslyn*
BRIAN D. JOSLYN (0087356)
Attorney for Claimant Craig Montgomery
Joslyn Law Firm
501 South High Street
Columbus, Ohio 43215
(614) 444-1900
Brian@JoslynLawFirm.com

The undersigned Assistant United States Attorney represents and warrants that he is signing this Settlement Agreement in his official capacity.

KENNETH L. PARKER
United States Attorney

Date: 11/9/2023

*/s/ William B. King II*
WILLIAM B. KING II (0094046)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Bill.King@usdoj.gov